| | |
|---|---|
| 1 | Ramin R. Younessi (SBN 175020) |
|   | ryounessi@younessilaw.com |
| 2 | Samantha Ortiz (SBN 312503) |
|   | sortiz@younessilaw.com |
| 3 | Neda Tahoor (SBN 358772) |
|   | ntahoor@younessilaw.com |
| 4 | LAW OFFICES OF RAMIN R. YOUNESSI |
|   | A PROFESSIONAL LAW CORPORATION |
| 5 | 3435 Wilshire Boulevard, Suite 2200 |
|   | Los Angeles, CA 90010 |
| 6 | Telephone: (213) 480-6200 |

Attorney for Plaintiff
FALLON NICOLE LYTWYN

MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
Anahi Cruz, Bar No. 324326
anahi.cruz@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
NEW YORK LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALLON NICOLE LYTWYN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, a New York corporation; and does 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:25-CV-04995- MWF-JC<br><br>**JOINT STIPULATION TO SUBMIT PLAINTIFF'S INDIVIDUAL CLAIMS TO BINDING ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY THE ACTION; REMAND TO STATE COURT**<br><br>Complaint served: May 2, 2025<br>Removal filed: June 2, 2025 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant NEW YORK LIFE INSURANCE COMPANY ("Defendant") and Plaintiff FALLON LYTWYN ("Plaintiff") (collectively "the Parties"), by and through their respective counsel, hereby stipulate and agree to submit Plaintiff's individual claims to binding arbitration, dismiss the class allegations of the complaint and remand the case back to state court as follows:

WHEREAS, Plaintiff voluntarily signed an Agreement ("Agreement") to arbitrate any disputes in connection with her employment with Defendant. Attached as **Exhibit A** is a true and correct copy of the Agreement voluntarily signed by Plaintiff.

WHEREAS, both Parties agreed that the claims at issue in this case "shall be resolved by a final and binding arbitration proceeding" and expressly provides that "no claim may be initiated or maintained on a class action, collective action or representative action basis either in court or in arbitration."

WHEREAS, on April 25, 2025, Plaintiff filed this class action lawsuit against Defendant in the Los Angeles Superior Court, County of Los Angeles. Her Complaint alleges the following causes of action: (1) Failure to Pay Wages (Labor Code §§201, 1194); (2) Failure to Pay Minimum Wages (Labor Code §§1182.12, 1194, 1194.2, 1197); (3) Failure to Pay Overtime Compensation (Labor Code §§510, 1194); (4) Failure to Indemnify for Necessary Business Expenses (Labor Code §2802); (5) Failure to Pay Sick Time (Labor Code §246); (6) Failure to Provide Rest Periods (Labor Code §§226.7); (7) Failure to Provide Meal Periods (Labor Code §512); (8) Failure to Provide Itemized Wage and Hour Statements (Labor Code §§226, et. seq.); (9) Waiting Time Penalties (Labor Code §§201-203); and (10) Unfair Competition (Bus. & Prof. Code §17200, et. seq.).

WHEREAS, on April 25, 2025, Plaintiff filed a "PAGA notice" with the Labor and Workforce Development Agency, also sending a copy to Defendant. Plaintiff intends to

amend her complaint to add a cause of action pursuant to the Private Attorneys General Act ("PAGA").

WHEREAS, after meet and confer efforts, the Parties stipulated and agreed to submit Plaintiff's individual wage and hour claims to binding arbitration, in accordance with the terms of the Parties' Agreement.

WHEREAS, the Parties agree that Plaintiff's future representative PAGA claims will be stayed in court, pending resolution of the arbitration.

WHEREAS, the Parties agree that based on the Agreement and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Court should dismiss the class action claims without prejudice.

WHEREAS, no consideration is being provided to Plaintiff for dismissal of the class claims without prejudice.

WHEREAS, the dismissal of the class action allegations without prejudice will not prejudice the rights and remedies of any of the putative class members and dismissal is allowed without Court approval under Rule 23(e) of the Federal Rules of Civil Procedure because no class has been certified, and there has been no determination on the merits of the Class Action.  See Committee Notes on Rules—2003 Amendment, stating that the Rule "requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."

WHEREAS, notice to putative class members is not necessary because no prior notice has been sent to putative class members.

FURTHERMORE, given Defendant's prior removal of the action under the Class Action Fairness Act and the present dismissal of the class claims, it is hereby stipulated and agreed that the Parties hereby voluntarily remand the above referenced matter to the Los Angeles Superior Court, County of Los Angeles, Case No. 25STCV12282, where prior to removal it was assigned for all purposes to the Honorable Elihu M. Berle (Dept. 6). Each party will bear its own attorneys' fees and costs.

The Parties further agree and understand that they reserve and do not waive or forfeit any claims, defenses or other objections that they may have in this action.

**IT IS HEREBY STIPULATED** by and between Plaintiff and Defendant as follows:

1. All of Plaintiff's individual wage and hour claims, including Plaintiff's future individual PAGA claims, will be submitted to final and binding arbitration before a single neutral arbitrator and the arbitration will be governed by the Agreement, which the Parties agree will be administered by the American Arbitration Association (hereinafter "AAA") in accordance with its rules for the resolution of employment disputes then in effect;

2. The Class Action claims are dismissed without prejudice;

3. The Parties request that this Court issue an Order remanding this action to State Court vacating all pending Federal Court dates and without prejudice;

4. Upon return to State Court, the Parties will submit a stipulation and proposed order to submit the individual claims to binding arbitration;

5. Upon return to State Court, Plaintiff will amend the Complaint to assert representative PAGA claims, and the parties will submit a stipulation and proposed order to stay the action pending resolution of the arbitration of Plaintiff's individual wage and claims;

6. After entry of the State Court's order, Plaintiff will submit a copy of this Stipulation to the AAA and initiate arbitration proceedings, pursuant to the terms of the Agreement;

7. Nothing in this Stipulation shall be interpreted to vary, modify, enhance, or diminish the provisions of the Agreement except as expressly stated above.

| | | |
|---|---|---|
| 1 | Dated: July 9, 2025 | LAW OFFICES OF RAMIN R. YOUNESSI<br>A PROFESSIONAL LAW CORPORATION |
| | | |
| | | By  /s/ Samantha Ortiz<br>Ramin Younessi<br>Samantha Ortiz<br>Neda Tahoor<br>Attorneys for Plaintiff |
| | Dated: July 9, 2025 | MORGAN, LEWIS & BOCKIUS LLP |
| | | By  /s/ Anahi Cruz<br>John S. Battenfeld<br>Anahi Cruz<br>Attorneys for Defendant<br>New York Life Insurance Company |

JOINT STIPULATION TO SUBMIT PLAINTIFF'S INDIVIDUAL CLAIMS TO BINDING ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY THE ACTION; REMAND TO STATE COURT

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4(a)(2)(i)**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 9, 2025

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By  /s/ Samantha Ortiz
Ramin Younessi
Samantha Ortiz
Neda Tahoor
Attorneys for Plaintiff

# EXHIBIT A

19. **Arbitration**

    (a)   The Agent and New York Life (which includes New York Life, NYLIFE Securities LLC and their affiliates, successors, employees and agents) agree that any dispute, claim, request for equitable relief, or controversy arising between them, including but not limited to those alleging wrongful or unlawful discharge, or employment discrimination or harassment based on sex, race, age, disability, or status in any other group or class, or retaliation, in violation of any federal, state or local statute, regulation, common law or rule (hereinafter " the Claim"), as well as any dispute as to whether such Claim is arbitrable, shall be resolved by a final and binding arbitration proceeding, conducted in the Agent's state of residence and administered by the Financial Industry Regulatory Authority ("FINRA") in accordance with its applicable arbitration rules ("FINRA's arbitration rules") then in effect. These rules may be found at www.finra.org.

    (b)   The following disputes and claims are not covered by this Agreement and shall therefore be resolved in any appropriate forum as required by the laws then in effect: (1) claims for workers' compensation benefits (except for claims of retaliation or discrimination), unemployment insurance, or state or federal disability insurance; (2) claims for benefits or breach of fiduciary duty arising under or relating to a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); (3) matters within the jurisdiction of the National Labor Relations Board; (4) representative claims brought under a state private attorneys general act and (5) any other dispute or claim that has been excluded from arbitration by applicable law that is not preempted by the Federal Arbitration Act.

    (c)   In the event that a Claim is not arbitrable under FINRA's arbitration rules, or FINRA refuses to arbitrate the Claim, the Agent and New York Life agree that the Claim, as well as any dispute as to whether such Claim is arbitrable, shall be resolved by a sole arbitrator in a final and binding arbitration proceeding, conducted in the Agent's state of residence, and administered by the American Arbitration Association (hereinafter "AAA") in accordance with its rules for the resolution of employment disputes then in effect. These rules may be found at www.adr.org.

    (d)   The Agent and New York Life agree that no Claim may be initiated or maintained on a class action, collective action or representative action basis either in court or arbitration. All Claims must be brought in a party's individual capacity, and not as a plaintiff or class representative or class member or otherwise on behalf of others in any purported class, collective, or representative proceeding, such that the Agent may not be a plaintiff, class representative or class member in any action against New York Life. The Agent and New York Life further agree that if, for any reason, the waiver of any ability to initiate or maintain a claim as a class, collective or representative action or to participate in such action as a class member is found to be unenforceable or invalid, then any such class, collective or representative action or Claim shall be litigated and decided in a court of competent jurisdiction, and not in arbitration. Any issue concerning the enforceability or validity of the waiver must be decided by a court, and not by an arbitrator.

    (e)   Claims may not be joined or consolidated in arbitration with claims brought by other individuals, and no damages or penalties may be sought or recovered on behalf of other individuals, unless agreed to in writing by all parties. The parties agree that in the arbitration of any claims between them, the arbitrator will be required to resolve the dispute based the applicable law and the facts presented as a matter of record. Neither party will request, nor will the arbitrator be permitted, to treat as binding or preclusive any decision or ruling by a different arbitrator resulting from a dispute between New York Life and any other Agent or person.

    (f)   Exclusive of Claims alleging employment discrimination, including employment discrimination or harassment based on sex, race, age, disability, or status in any other group or class, or

6



547367.V1

retaliation, in violation of any federal, state or local statute, regulation or rule, or alleging a violation of a federal, state or local wage and hour statute, regulation or rule or any other Claims as to which New York Life is required under applicable law to bear the costs and expenses of the arbitrator(s) and/or any other type of cost or expense that the Agent would not be required to bear if the Claims were brought in court, the costs and expenses of the arbitrator or arbitrators for any arbitration shall, to the extent permitted by FINRA or AAA's rules, be split evenly between the Agent and New York Life.

(g) Nothing in this Agreement should be interpreted as restricting or prohibiting the Agent from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, the California Department of Fair Employment and Housing, the California Labor Commissioner, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation. Any dispute or claim that is covered by this Agreement but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Agreement.

(h) This section shall survive termination of this Agreement by either party.

20. This Agreement will take effect as of the Effective Date stated on the Countersignature Page hereof, provided the Agreement is duly signed by the Agent and a Countersignature Page is issued, signed and countersigned by New York Life's duly authorized representatives.

21. This Agreement may be executed by electronic signature, which shall be considered as an original signature for all purposes and shall have the same force and effect as an original signature. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

**I acknowledge that I have received and read or have had the opportunity to read this arbitration agreement (Section 19). I understand that this arbitration agreement requires that disputes that involve the matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge and jury in court.**

By signing below, the Agent acknowledges that he/she has read the Agreement and the TAS Plan, understands it and agrees to all of its terms.

Fallon Lytwyn
_____
Print Name of Agent

*Fallon Lytwyn* (DocuSigned by, E77B481FA182473...)
_____
Signature of Agent

**This Agreement is not effective until both it and the Agent's Contract are duly signed by the Agent, approved by New York Life's Home Office, and respective Countersignature Pages are issued, signed and countersigned by New York Life's duly authorized representatives and specifying the Effective Dates thereof.**

7

547367.V1

*T A S A G R M T C A   0 7 *

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On July 9, 2025, I served the foregoing document described as **JOINT STIPULATION TO SUBMIT PLAINTIFF'S INDIVIDUAL CLAIMS TO BINDING ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY THE ACTION; REMAND TO STATE COURT** on the interested parties in this action as follows:

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>John S. Battenfeld, Esq.<br>john.battenfeld@morganlewis.com<br>Anahi Cruz, Esq.<br>anahi.cruz@morganlewis.com<br>300 South Grand Avenue<br>Twenty-Second Floor<br>Los Angeles, CA 90071 | *Attorneys for Defendant*<br>*NEW YORK LIFE INSURANCE*<br>*COMPANY* |

☒ BY NOTICE OF ELECTRONIC FILING: The above-listed counsel has consented to electronic service and have been automatically served by the Notice of Electronic Filing automatically generated by CM/ECF at the time said document was filed and which constitutes service pursuant to FRCP 5(b)(2)(D).

Executed on July 9, 2025, at Los Angeles, California.

☒ FEDERAL   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Christian Ortiz